UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DeTerrance Smith, Plaintiff, | : | |
| v. | : | 25-CV-2056 (SFR) |
| Connecticut Department of Corrections, *et al*, Defendants. | : | |

## **INITIAL REVIEW ORDER**

DeTerrance Smith, formerly housed in the Connecticut Department of Correction ("DOC"), has filed a *pro se* Complaint under 42 U.S.C. § 1983 alleging that the DOC "unlawfully h[eld] [Smith] seven (7) day[s] past his lawful release date without a court order . . . and without any legal authority." Compl. ¶ 1, ECF No. 1. The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

Smith seeks damages from the DOC, "the Bureau of Corrections," and "other [DOC] official[s] [who] ha[d] to do with [his] release." Compl. 1, 3. But Smith "may not sue [the] DOC under Section 1983 because [the DOC] is not a 'person' subject to suit under section 1983, and, as an arm of the state, [the] DOC enjoys Eleventh Amendment immunity against suit in federal court." *Chimney v. Raines*, No. 3:25-cv-1317 (OAW), 2026 WL 893250, at *3

(D. Conn. Mar. 31, 2026) (citation modified). To the extent "the Bureau of Corrections" is a department within the DOC, the Bureau is not a "person" subject to suit under section 1983, either. *See*, *e.g.*, *Remillard v. Maldonado*, No. 3:15-cv-1714 (SRU), 2016 WL 3093358, at *2 (D. Conn. June 1, 2016) ("As part of the [DOC], a correctional facility medical department is not a person subject to liability under section 1983.").

To seek damages from individual defendants, Smith must allege facts establishing the personal involvement of each defendant in an alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (citation modified). "The Second Circuit has defined 'personal involvement' to mean direct participation, such as 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation, such as 'ordering or helping others to do the unlawful acts.'" *Rivera v. Viger*, No. 3:21-cv-00470 (VAB), 2021 WL 3269095, at *3 (D. Conn. July 30, 2021) (quoting *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)). When a defendant is a supervisory official, "a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). "As a corollary of the personal involvement requirement, complaints that rely on 'group pleading' and 'fail to differentiate as to which defendant was involved in the alleged unlawful conduct are insufficient to state a claim.'" *Gonzalez v. Yepes*, No. 3:19-cv-00267 (CSH), 2019 WL 2603533, at *7 (D. Conn. June 25, 2019) (citation modified).

The only remaining defendants are the "other [DOC] official[s] [who] ha[d] to do with [Smith's] release." Compl. 1. But Smith does not identify who these "official[s]" are or describe how their individual conduct led to Smith's prolonged incarceration. *See id.* at 1-2. In such cases, the Complaint must be dismissed for failure to adequately allege the personal involvement of those "official[s]." *Id.* at 1; *see also Harry v. McDonald*, No. 3:21-CV-01355 (SALM), 2022 WL 3576676, at *4 (D. Conn. Aug. 19, 2022) (dismissing complaint for "failure to adequately allege the personal involvement of defendants" because complaint contained "no allegations of any personal, individual actions taken by any individual defendant").

The Complaint alleges that Smith's prolonged detention violated his right to due process under the Fourteenth Amendment. Compl. 3. Smith raises both a procedural and a substantive due process claim.

"To establish a violation of procedural due process under the Fourteenth Amendment, a plaintiff must show: '(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process.'" *Taylor v. Microgenics Corp.*, No. 21 CV 6452 (VB), 2023 WL 1865274, at *9 (S.D.N.Y. Feb. 9, 2023) (quoting *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001)). To raise a substantive due process claim, a plaintiff must "identify the constitutional right at stake" and "demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Hurd v. Fredenburgh*, 984 F.3d 1075, 1087 (2d Cir. 2021) (citation modified).

The Second Circuit has recognized that "[f]reedom from unlawful restraint" is a cognizable liberty interest protected by substantive due process. *Id.* at 1088. The Second Circuit also recognizes that "under . . . the due-process clause . . . an inmate has a liberty interest in being released upon the expiration of his maximum term of imprisonment," and thus

a person may not be deprived of his release from imprisonment at that time without an "opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Calhoun v. New York State Div. of Parole Officers*, 999 F.2d 647, 653 (2d Cir. 1993) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)).

Here, although Smith has alleged deprivation of a liberty interest for purposes of a procedural and substantive due process claim, he has failed to allege facts showing personal involvement of individual defendants. To successfully raise a procedural due process claim, Smith must show that specific defendants prolonged his detention without adequate process. To successfully raise a substantive due process claim, Smith must show that specific defendants caused his prolonged detention in a manner that "shock[s] the judicial conscience." *Hurd*, 984 F.3d at 1089; *see also Downey v. Sheahan*, 136 F. Supp. 3d 472, 474 (W.D.N.Y. 2015) (dismissing claim where plaintiff did not allege any facts showing officials "were aware of the underlying facts" of the unauthorized detention).

Although Smith does not specifically reference the Eighth Amendment, in light of his *pro se* status and his Count 4 alleging "deliberate indifference," Compl. 3, I construe his complaint as also arguing that holding him for seven days past the end of his sentence violated his Eighth Amendment protection against cruel and unusual punishment. Insofar as Smith wishes to include an Eighth Amendment claim in his amended complaint, he is advised that he must show that specific defendants had "knowledge" that he was unlawfully held, and they were "deliberately indifferent" to this problem. *Calhoun*, 999 F.2d at 654.

Because Smith's Complaint names defendants who are not subject to suit and otherwise does not allege the personal involvement of any defendant who may be subject to suit, the Complaint is **DISMISSED without prejudice**. Smith may file an Amended Complaint one or

before **December 1, 2026**. Any Amended Complaint will completely replace the original Complaint, and, for the reasons set forth in this order, must contain a detailed description of who violated Smith's constitutional rights and how these individuals did so. Failure to file an Amended Complaint by this deadline will result in the Court closing the case.

New Haven, Connecticut
October 30, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge